UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,
vs.

LA CUCINA MANAGEMENT, INC.
d/b/a Perricone's Marketplace & Cafe and
CORAL WAY PARTNERS LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant La Cucina Management, Inc. doing business as Perricone's Marketplace & Cafe and Defendant Coral Way Partners LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendant La Cucina Management, Inc. and Defendant Coral Way Partners LLC are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant La Cucina Management, Inc. (also referenced as "Defendant La Cucina," "operator," or "lessee") is a Florida for profit corporation and owner and operator of Perricone's Marketplace & Cafe.

6. Defendant Coral Way Partners LLC (also referenced as "Defendant Coral Way," "owner," or "lessor") is a Florida limited liability company which is the owner of commercial real property identified as Folio 01-4138-001-2070, with the post address of 1700 3rd Avenue, Miami, Florida 33129 which is built out as a restaurant operating as the subject Perricone's Marketplace & Cafe.

## FACTS

7. At all times material hereto, Defendant Coral Way has leased its commercial property to Defendant La Cucina who in turn has operated (and continues to operate) its Perricone's Marketplace & Cafe within that leased space.

8. Defendant La Cucina's Perricone's Marketplace & Cafe is a well-established restaurant which serves Italian-American cuisine located at 1700 3rd Avenue, Miami, Florida 33129 and is open to the general public. As such, it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." Perricone's Marketplace & Cafe is also referred to as "Perricone's Marketplace restaurant," "Perricone's (restaurant)," "restaurant," or "Place of Public Accommodation."

9. As the owner/operator of a restaurant which is open to the public, Defendant La Cucina is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. Due to the close proximity to Plaintiff's home to Perricone's Marketplace & Café, on July 25, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

11. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of Perricone's restaurant (Defendant La Cucina) and by the owner of the commercial property which houses the restaurant (Defendant Coral Way).

13. As the owner and operator of Perricone's restaurant, Defendant La Cucina is aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by

insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of commercial property which is built out and utilized as a restaurant open to the general public, Defendant Coral Way is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

15. As the owner of commercial property used as a Place of Public Accommodation, Defendant Coral Way is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test Perricone's restaurant, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited Perricone's restaurant with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Coral Way and Defendant La Cucina have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at Perricone's restaurant in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42

U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Perricone's restaurant.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant Coral Way's property, which houses Defendant La Cucina's restaurant, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant La Cucina (operator of the restaurant) and Defendant Coral Way (owner of the commercial property) (jointly and severally), the interior seating area of the restaurant does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant La Cucina (operator of the restaurant) and Defendant Coral Way (owner of the commercial property) (jointly and severally), Plaintiff was unable to sit in the interior of the restaurant and enjoy a meal due to the fact that the restaurant has not provided a sufficient number of interior accessible dining seating and surfaces, which is in violation of Section 5.1 of the ADAAG and Section 226 of the 2010 ADA Standards for Accessible Design. Section 5.1 requires (wheelchair) access for a minimum of 5% of fixed or built-in tables distributed throughout dining areas. The required clear width (36 inches minimum) is specified for the clearance between the edges of fixed tables or between table edges and walls. Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the dining seating and standing spaces.

iii. As to Defendant La Cucina (operator of the restaurant) and Defendant Coral Way (owner of the commercial property) (jointly and severally), the exterior seating area of the restaurant does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant La Cucina (operator of the restaurant) and Defendant Coral Way (owner of the commercial property) (jointly and severally), the restaurant exterior seating area does not contain a sufficient number of accessible dining seating and surfaces which is in violation of Section 5.1 of the ADAAG and Section 226 of the 2010 ADA Standards for Accessible Design. Section 5.1 requires (wheelchair) access for a minimum of 5% of fixed or built-in tables distributed throughout dining areas. The required clear width (36 inches minimum) is specified for the clearance

      between the edges of fixed tables or between table edges and walls. Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the dining seating and standing spaces

v. As to Defendant La Cucina (operator of the restaurant) and Defendant Coral Way (owner of the commercial property) (jointly and severally, there are permanently designated interior spaces without proper signage. At the men's restroom, signage is mounted on the door leaf without braille or raised characters, which is in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant La Cucina (operator of the restaurant) and Defendant Coral Way (owner of the commercial property) (jointly and severally), as to the men's restroom, Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

vii. As to Defendant La Cucina (operator of the restaurant) and Defendant Coral Way (owner of the commercial property) (jointly and severally), as to the men's restroom, Plaintiff could not transfer to the toilet without assistance, as the required

8

maneuvering clearance was not provided due to the fact that the lavatory/sink encroaches over the accessible water closet clear floor space. The lavatory is mounted at 49" from the water closet side wall which does not provide the required clear floor space. This is a violation of Section 604.3 of the 2010 Standards for Accessible Design. Section 604.3.1 states that clearance around a water closet shall be 60'(1525 mm) minimum measured perpendicular from the side wall and 56" (1420 mm) minimum measured perpendicular from the rear wall. Section 604.3.2 does not give an exception of overlap of the clear floor space with a lavatory/sink, only associated grab bars, dispensers, sanitary napkin disposal units, coat hooks, shelves are permitted to overlap.

viii. As to Defendant La Cucina (operator of the restaurant) and Defendant Coral Way (owner of the commercial property) (jointly and severally), as to the men's restroom, Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance on the push side of the door is not provided. The fact that the exit door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance).

ix. As to Defendant La Cucina (operator of the restaurant) and Defendant Coral Way (owner of the commercial property) (jointly and severally), as to the men's restroom, Plaintiff was exposed to a cutting/burning hazard because the lavatory sink does not have fully wrapped bottom sink pipes due to improper maintenance, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under

the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

28. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants have been required to make the commercial property and the Perricone's restaurant operated therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an order to alter the commercial property and the restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Coral Way Partners LLC (owner of the commercial property) and Defendant La Cucina Management, Inc. (operator of Perricone's Marketplace & Cafe located therein) and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the restaurant (Perricone's Marketplace & Café) located therein such

that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated September 19, 2022

                                         Respectfully submitted,

                                         */s/ J. Courtney Cunningham*
                                         J. Courtney Cunningham, Esq.
                                         J. COURTNEY CUNNINGHAM, PLLC
                                         FBN: 628166
                                         8950 SW 74th Court, Suite 2201
                                         Miami, Florida 33156
                                         Telephone:  305-351-2014
                                         Email: cc@cunninghampllc.com
                                         *Counsel for Plaintiff*